# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 21-0086V

|  |  |
|---|---|
| KIMBERLY CATES, | Chief Special Master Corcoran |
| Petitioner, | Filed: February 28, 2024 |
| v. |  |
| SECRETARY OF HEALTH AND HUMAN SERVICES, |  |
| Respondent. |  |

*John Robert Howie, Howie Law, PC, Dallas, TX, for Petitioner.*

*Eleanor Hanson, U.S. Department of Justice, Washington, DC, for Respondent.*

## RULING ON ENTITLEMENT[1]

On January 5, 2021, Kimberly Cates filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). On August 21, 2023, Petitioner filed an amended petition. Petitioner alleges that she suffered a left shoulder injury related to vaccine administration ("SIRVA") resulting from an influenza vaccine received on November 2, 2018. Amended Petition at 1. Petitioner further alleges that the vaccine was received in the United States, her symptoms have continued for more than six months, and she has never received compensation in the form of an award or settlement, or filed a civil suit, for her vaccine-related injury, other than her worker's compensation claim. Amended Petition at ¶¶ 1, 39,

---

[1] Because this Ruling contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

40. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On February 28, 2024, Respondent filed his Rule 4(c) report in which he concedes that Petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1. Specifically, Respondent agrees that Petitioner's injury is consistent with SIRVA as defined by the Vaccine Injury Table in that "petitioner had no history of pain, inflammation, or dysfunction of her left shoulder prior to vaccination; pain occurred within forty-eight hours after receipt of an intramuscular vaccination; pain was limited to the shoulder in which the vaccine was administered; and no other condition or abnormality has been identified to explain petitioner's shoulder pain." *Id.* at 7. Respondent further agrees that the records establish that Petitioner suffered the residual effects of her condition for more than six months and has satisfied all legal prerequisites for compensation under the Vaccine Act. *Id.*

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master
